UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Walter O. Singh,**                                              Civil No. 07-2148 (DWF/SRN)

        **Plaintiff,**

    v.                                                              <u>**REPORT AND RECOMMENDATION**</u>

**Susila Persaud and**
**Indrani Hannuman,**

        **Defendants.**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge pursuant to an order instructing Plaintiff Walter O. Singh to show cause why this case should not be dismissed for lack of subject matter jurisdiction (Doc. No. 24). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Neither Plaintiff nor Defendants responded to the Order to Show Cause. For the reasons set forth below, the Court recommends that this case be dismissed for lack of subject matter jurisdiction and Plaintiff's pending motion for summary judgment be terminated accordingly.

**I.   BACKGROUND**

    **A.   The Present Action**

Plaintiff Walter O. Singh filed this action on May 2, 2007, against his sisters, Indrani Hanuman[1] and Susila Persaud. He is suing for "money damages for injuries sustained . . . as a result of an assault and battery and other violations of his civil rights by police officers Linda

---

[1] Defendant Indrani Hanuman is named in the caption of the Complaint as Indrani "Hannuman." Based on this Defendant's filings, the Court believes the correct spelling is "Hanuman" and will use that spelling in this Report and Recommendation.

Chapman and Michael McCarty." (Compl. ¶ 1.) He asserts that Defendants conspired to deprive him of his civil rights by filing a false police report on October 7, 2005, and providing that report to his employer. (Id. ¶¶ 1, 7.) Plaintiff cites 42 U.S.C. § 1985(3) as the statutory authority for his claim. (Id. ¶ 7.) He also seeks attorney's fees pursuant to 42 U.S.C. § 1988.

Defendant Persaud answered and counterclaimed for civil rights violations, assault, battery, damage to property, harassment, videotaping, and filing a false police report, citing 42 U.S.C. §§ 1985 and 1998,[2] and the Fourth and Fourteenth Amendments of the United States Constitution. (Persaud Answer at 1-2.) Defendant Hanuman answered and counterclaimed under the same authority,[3] as well as 42 U.S.C. § 1981 and 1986.[4] (Hanuman Answer at 3.) Defendant Hanuman also enumerated several instances of alleged wrongful conduct by Plaintiff. (Id. at 2-6.)

### B. Similar Cases Brought by Plaintiff

This case is one of several cases filed by Plaintiff against various relatives as part of a lengthy and contentious family dispute.

In 2004, Plaintiff, his brother Shiv Singh, and other family members brought a purported civil rights action against Indrani Hanuman, Latchman Hanuman, and Balgobin Singh pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. Singh v. Hanuman, Civ. No. 04-4512

---

[2] There is no section of the United States Code at 42 U.S.C. § 1998.

[3] Defendant Hanuman counterclaimed under 42 U.S.C. § 19998, rather than § 1998. There is no section of the United States Code at 42 U.S.C. § 19998.

[4] The caption of the Answer also names other parties as plaintiffs and defendants. However, none of these individuals were joined as parties, and they are not reflected as parties on the docket. The Court considers Walter O. Singh as the only Plaintiff, and Indrani Hanuman and Susila Persaud as the only Defendants in this action.

(JRT/FLN) (D. Minn. filed Oct. 15, 2004). The plaintiffs alleged that the defendants filed false police reports and conspired with police officers to have them falsely arrested and imprisoned. The Honorable John R. Tunheim dismissed the case for lack of subject matter jurisdiction because the plaintiffs had not shown the defendants acted under color of state law. Singh v. Hanuman, Civ. No. 04-4512 (JRT/FLN), Order at 2 (D. Minn. Nov. 23, 2004).

In 2005, Plaintiff and Shiv Singh filed an action pursuant to 42 U.S.C. §§ 1981, 1985, 1986, and 1988 against Latchman Hanuman, Indrani Hanuman, Andrew Hanuman, and Balgobin Singh. Singh v. Hannuman [sic], Civ. No. 05-1160 (JRT/FLN) (D. Minn. filed June 14, 2005). When ordered to show cause why the case should not be dismissed, Plaintiff and his brother narrowed their claims to a violation of § 1985(2). Judge Tunheim dismissed the claim because the "plaintiffs' allegations simply describe a series of disputes amongst close family members and neighbors dating back to 1990 and which continue to the present day. These internal family disputes do not form the basis for a conspiracy claim under 42 U.S.C. § 1985(2), nor do they give rise to violations of the United States Constitution or any other federal law." Singh v. Hannuman [sic], Civ. No. 05-1160 (JRT/FLN), Order at 4 (D. Minn. Mar. 17, 2006).

Recently, this Court recently recommended the dismissal of Singh v. Hannuman [sic], Civ. No. 08-1255 (DWF/SRN) (D. Minn. filed May 5, 2008), for lack of subject matter jurisdiction. In that case, Plaintiff alleged that Indrani Hanuman, Latchman Hanuman, Travis Hanuman, and Andrew Hanuman repeatedly assaulted and battered him in a conspiracy to deprive him of his civil rights under 42 U.S.C. § 1985(2) and (3). This Court determined there was no subject matter jurisdiction over Plaintiff's claims because he had failed to allege particular facts demonstrating that any of the Defendants conspired with each other or with any

other individual or entity to deprive him of a federal right.  Singh v. Hannuman [sic], Civ. No. 08-1255 (DWF/SRN), Report & Recommendation at 5-6 (D. Minn. Dec. 9, 2008).  Plaintiff's claims suffered from other deficiencies, as well.

Shiv Singh has also separately sued Indrani Hanuman, Latchman Hanuman, and Balgobin Singh under 42 U.S.C. §§ 1985 and 1988.  Singh v. Hannuman[sic], Civ. No. 08-423 (PJS/JJK) (D. Minn. filed Feb. 19, 2008).  Although Plaintiff was not a party to this case, its similarity to the cases filed by Plaintiff bears mention.  Shiv Singh alleged violations of 42 U.S.C. § 1985 and 1988, stemming from "a long-standing, bitter, and very litigious family feud between these parties."  Singh v. Hannuman [sic], Civ. No. 08-423 (PJS/JJK), Report & Recommendation at 2 (D. Minn. Aug. 20, 2008).  The Honorable Jeffrey J. Keyes recommended dismissal of the case for lack of subject matter jurisdiction because Shiv Singh failed to show that any of the defendants acted under color of law.  Id. at 4-5.  Based on Shiv Singh's history of filing repetitive lawsuits against the defendants, Judge Keyes also recommended to the District Court that it require Shiv Singh to seek permission before filing any additional lawsuits against the defendants in the District of Minnesota.  Id. at 6-7.  The Honorable Patrick J. Schiltz adopted both recommendations on September 12, 2008.  Singh v. Hannuman [sic], Civ. No. 08-423 (PJS/JJK), Order at 1 (D. Minn. Sept. 12, 2008).

## II. DISCUSSION

If a court discovers at any time during the pendency of a case that it does not have subject matter jurisdiction, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3).  "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).  "[W]here jurisdiction does not exist the court,

whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

### A.     Plaintiff's Claim

Plaintiff has brought this case pursuant to 42 U.S.C. § 1985(3), which prohibits conspiracies to deprive individuals of rights or privileges under the law.

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

Absent some proof of a conspiracy, blanket allegations are not sufficient to maintain a claim under § 1985. See Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988) (quoting Holdeman v. Consol. Rail Corp., 649 F. Supp. 1188, 1196 (N.D. Ind. 1986)) (addressing a § 1985 claim in the context of summary judgment). The elements of a § 1985 conspiracy are "an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Id. (quoting Mizokami Bros., Inc. v. Mobay Chem. Corp., 660 F.2d 712,

5

718 n.8 (8th Cir. 1981)). "A plaintiff must allege with 'sufficient particularity' and demonstrate with 'specific material facts' that the parties reached some agreement and conspired together to deprive plaintiff of a federal right." Id. (quoting Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982)). Here, Plaintiff's § 1985(3) claim fails because he did not demonstrate, as required by this Court's order to show cause, that any of the Defendants conspired with each other or with any other individual or entity to deprive him of a federal right.

Plaintiff's § 1985(3) claim fails for additional reasons, as well. With regard to the first part of § 1985(3), known as the "deprivation" clause, see D.W. v. Radisson Plaza Hotel Rochester, 958 F. Supp. 1368, 1376 (D. Minn. 1997) (Magnuson, C.J.), the United States Supreme Court has instructed,

> [T]o prove a private conspiracy in violation of the first clause of § 1985(3),[] a plaintiff must show, inter alia, (1) that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action," . . . and (2) that the conspiracy "aimed at interfering with rights" that are "protected against private, as well as official, encroachment."

Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (quoting Carpenters v. Scott, 463 U.S. 825, 833 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).[5] Here, Plaintiff has not shown either a racial or class-based animus behind Defendants' alleged actions, or that Defendants' actions were aimed at interfering with an independent, protected right. With regard to the second part of § 1985(3), known as the "prevention" or "hindrance" clause, the

---

[5] The Griffin Court reversed its former precedent, Collins v. Hardyman, 341 U.S. 651 (1951), and held that § 1985(3) extended to both conspiracies under color of state law and purely private conspiracies. See Bray, 506 U.S. at 268. The Court cautioned that § 1985(3) should not be applied as a "general federal tort law," however, and therefore imposed the requirement that a plaintiff show an "invidiously discriminatory motivation" when seeking relief for a purely private conspiracy. Id. at 268-69 (citing Griffin, 403 U.S. at 102).

alleged conspiracy must have involved the prevention or hindrance of "law enforcement officials from securing equal protection of the laws to a class of citizens." D.W., 958 F. Supp. at 1377 (quoting Libertad v. Welch, 53 F.3d 428, 450 (1st Cir. 1995)). Plaintiff has made no such showing. Accordingly, Plaintiff's § 1985(3) claim should be dismissed for lack of subject matter jurisdiction.[6]

### B. Defendants Persaud's and Hanuman's Counterclaims

Although Defendants were not instructed to show cause why their counterclaims should not be dismissed, it is apparent from the allegations in their pleadings that the counterclaims do not state causes of action under § 1985(3). The mere inclusion of a federal statute in a pleading does not automatically confer jurisdiction on a federal court. See Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted). Dismissal is appropriate if the alleged jurisdictional basis is "patently meritless." Id. The Court determines whether the jurisdictional authority is obviously without merit by examining the face of the pleading and drawing all reasonable inferences in the pleader's favor. See id.

In the case at hand, Defendants fail to allege that Plaintiff conspired with anyone to deprive them of a federal right, that Plaintiff intended to deprive them of a protected right, that Plaintiff acted with a racial or class-based discriminatory animus, or that Plaintiff conspired to prevent or obstruct law enforcement officers from safeguarding equal protection to a class of individuals. The allegations are simply recitations of unfortunate, alleged instances of assault,

---

[6] Plaintiff's dependent § 1988 request for attorney's fees should also be dismissed. Section 1988 does not create an independent cause of action; rather, "as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." Moor v. Alameda County, 411 U.S. 693, 702 (1973). Thus, § 1988 does not provide a basis for subject matter jurisdiction.

battery, property damage, and harassment by their family members.  They do not support a cause of action for civil conspiracy under § 1985(3).

Nor do the counterclaims adequately allege violations of § 1985(2), which prohibits conspiracies to obstruct justice and conspiracies to intimidate witnesses, parties, or jurors:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . .

then the injured party may bring a civil action.  42 U.S.C. § 1985(2).  In addition to failing to adequately plead a conspiracy, as discussed above, Defendants do not allege that Plaintiff conspired to deter them from attending a federal proceeding or from testifying in a pending matter, or that he conspired to injure them for attending or testifying in such a proceeding or matter, or that he conspired to influence the proceeding or matter.  See Biby v. Bd. of Regents, 338 F. Supp. 2d 1063, 1075 (D. Neb. 2004).  Thus, Defendants have failed to state a claim under the first part of § 1985(2).  In addition, because Defendants have not alleged a class-based animus with respect to any state court proceeding, see id. at 1076 (citing Kush v. Rutledge, 460 U.S. 719, 725 (1983)), they have failed to state a claim under the second part of § 1985(2).

Turning to Defendants' counterclaims based on the Fourth and Fourteenth Amendments of the United States Constitution, the Court finds these claims patently meritless.  Neither the

Fourth or Fourteenth Amendment, standing alone, provides for a civil cause of action. Any such claims must be brought pursuant to authority such as 42 U.S.C. § 1983 or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). See Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (§ 1983); Butz v. Economou, 438 U.S. 478, 504 (1978) (Bivens). Defendants have not invoked the necessary authority for their Constitution-based claims. Furthermore, Defendants have alleged only private—not state—action, which the Fourth and Fourteenth Amendments do not reach. See Tarkanian, 488 U.S. at 191 (Fourteenth Amendment); Ritchie v. Walker Mfg. Co., 963 F.2d 1119, 1121 (8th Cir. 1992) (Fourth Amendment).

Defendant Hanuman also brought counterclaims pursuant to 42 U.S.C. §§ 1981 and 1986. To state a claim for relief under § 1981, a plaintiff must identify a contractual relationship that has been damaged. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). In addition, the alleged injuries must have arisen from a "racially motivated breach" of the contractual relationship. Id. Defendant Hanuman has neither identified a damaged contractual relationship nor alleged that any breach was motivated by race. As for the § 1986 counterclaim, "recovery under Section 1986 is dependent on the existence of a claim under Section 1985." Weseman v. Meeker County, 659 F. Supp. 1571, 1575 (D. Minn. 1987) (citing Coleman v. Garber, 800 F.2d 188, 191 (8th Cir. 1986); McIntosh v. Ark. Rep. Party-Frank White Elec. Comm., 766 F.2d 337, 340 (8th Cir. 1985)). Because Defendant Hanuman has no claim under § 1985, it follows that she has no claim under § 1986. Id.

In sum, the Court recommends that the counterclaims brought by Defendants Hanuman and Persaud be dismissed for lack of subject matter jurisdiction.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's claims and Defendants' counterclaims be **DISMISSED** for lack of subject matter jurisdiction; and

2. Plaintiff's Motion for Summary Judgment (Doc. No. 19) be administratively terminated.


Dated: January 16, 2009

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 2, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.